[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13922
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00064-TJC-JBT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HEZEKIAH WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 9, 2017)

Before JULIE CARNES, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Hezekiah Williams appeals his 120-month total sentence, imposed above the Guideline range, after pleading guilty to aiding and abetting attempted bank fraud, in violation of 18 U.S.C. §§ 1344(2) and 2, aiding and abetting aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2, and aiding and abetting the possession of counterfeit securities, in violation of 18 U.S.C. §§ 513(a) and 2.  On appeal, Williams argues that the sentence was procedurally and substantively unreasonable.  After review,[1] we affirm.

## I. DISCUSSION

The district court conducted a lengthy review of Williams' criminal history in sentencing him, and we recount some of those facts here.   According to his presentence investigation report, Williams' first conviction occurred when he was seventeen years old; he is now sixty-one.  The report lists a string of subsequent convictions, occurring regularly in the intervening forty years.  Ten of those convictions were for forgery, passing forged checks, uttering forged instruments, and similar crimes.  The district court noted the sheer number and frequency of these crimes and that Williams appeared to return to them after serving his time for each conviction.

---

[1] We review the reasonableness of a sentence under the deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc).

"When reviewing for procedural reasonableness, we ensure that the district court:  (1) properly calculated the Guidelines range; (2) treated the Guidelines as advisory; (3) considered the 18 U.S.C. § 3553(a) factors; (4) did not select a sentence based on clearly erroneous facts; and (5) adequately explained the chosen sentence." *United States v. Wayerski*, 624 F.3d 1342, 1353 (11th Cir. 2010). Williams bears the burden of showing his sentence is procedurally unreasonable, *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1223 (11th Cir. 2010), and he takes issue only with the second factor listed above, contending the district court failed to give the Guidelines range due consideration, resulting in the Guidelines carrying effectively no weight at all.  It is true that even though it is not bound by the Guidelines, "a sentencing court may not give them so little consideration that it amounts to not giving any real weight to the Guidelines range in imposing the sentence." *United States v. Irey*, 612 F.3d 1160, 1218 (11th Cir. 2010) (en banc) (quotation omitted).  But here, the district court thoroughly explained its sentence, touching on each of the § 3553(a) factors, and expressing its conviction that the Guidelines sentence was not sufficient to achieve those purposes.  Indeed, the court specifically and extensively explained why the Guidelines result was inappropriate in this case.  The court was entitled to place great weight on Williams' criminal history and the need for general and specific deterrence to protect the public, noting that Williams had been committing crimes for forty years, including

3

multiple instances of the same fraudulent activity resulting in the present guilty plea. *See* 18 U.S.C. § 3553(a)(1), (2); *see also United States v. Williams*, 526 F.3d 1312, 1322–23 (11th Cir. 2008) (holding a sentence to be reasonable where the sentencing court explained why it attached great weight to one § 3553(a) factor). There was no procedural error.

Nor was Williams' sentence substantively unreasonable. *Irey,* 612 F.3d at 1189 ("A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." (quotation omitted)). It is true that "[a] major variance does require a more significant justification than a minor one—the requirement is that the justification be sufficiently compelling to support the degree of variance." *Id*. at 1198 (quotation omitted). However, the court explicitly and comprehensively considered all of the relevant factors, including the mitigating evidence Williams offered, in making its decision. That Williams' conviction was for an ordinary, low-level economic crime is not dispositive; the court was entitled to place comparatively more weight on the fact that these violations were part of a much broader and continuing pattern spanning decades. *Williams*, 526 F.3d at 1322–23. The resulting sentence was below the thirty-year statutory maximum Williams could have received, and we have upheld variances of comparable

magnitude. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that a sentence under the maximum statutory sentence available under law is an indicator of reasonableness); *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256–57 (11th Cir. 2015) (upholding sentence more than three times as long as the top of the Guidelines range); *United States v. Early*, 686 F.3d 1219, 1221–23 (11th Cir. 2012) (upholding sentence 113 months above the Guidelines range). The district court's thorough and forthright discussion of the § 3553(a) factors in sentencing Williams does not leave a "definite and firm conviction that the district court committed a clear error of judgment." *Irey*, 612 F.3d at 1190.

## II. CONCLUSION

For the foregoing reasons, we affirm Williams' sentence.

**AFFIRMED.**